UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ X
CHARLES ALEXANDRO,                                    Civil Case No.: 2:22-cv-06028

           Plaintiff,

      -against-                                              **COMPLAINT**

                                                      PLAINTIFF DEMANDS
STEVEN CORSO REGISTERED                               TRIAL BY JURY
RADIOLOGICAL TECHNOLOGIST,
CATHOLIC HEALTH SYSTEM OF LONG
ISLAND, INC., d/b/a CATHOLIC HEALTH
SERVICES OF LONG ISLAND,
and WSNCHS NORTH, INC., d/b/a
ST. JOSEPH HOSPITAL,

           Defendants.
---------------------------------------------------------X

    Plaintiff, CHARLES ALEXANDRO, as and for his complaint, by his attorneys, the Law Offices of Peter D. Baron, PLLC, respectfully alleges, upon information and belief as follows:

## NATRURE OF THE ACTION

    1.    This is a civil action arising from a July 5, 2021 incident in which the Plaintiff, CHARLES ALEXANDRO, fell at his home causing an injury to his lower back. Plaintiff was then transported via ambulance to St. Joseph Hospital in Bethpage, New York, for treatment. After having been transported to the radiology department within St. Joseph Hospital, Plaintiff was caused to fall and be precipitated to the ground while undergoing and/or preparing to undergo radiological imaging at Defendant CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND and Defendant WSNCHS NORTH, INC., d/b/a ST. JOSEPH HOSPITAL, causing him to sustain severe and serious injuries, including but not limited a laceration and open comminuted fracture of the left

fifth metatarsal, requiring a surgical washout of the open fracture of the left fifth metatarsal and primary closure and subsequent surgical intervention.

## THE PARTIES

2. The plaintiff, CHARLES ALEXANDRO, is a citizen of the State of Florida.

3. Upon information and belief, the defendant, STEVEN CORSO REGISTERED RADIOLOGICAL TECHNOLOGIST, was and still is a citizen of the State of New York.

4. Upon information and belief, the defendant CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND, at all times hereinafter mentioned, is a corporation that has been licensed and doing business in the State of New York with a principal place of business at 992 North Village Avenue, Rockville Centre, New York 11570. Defendant owns, leases, and/or operates St. Joseph Hospital, a hospital located at 4295 Hempstead Turnpike, Bethpage, New York 11714.

5. Upon information and belief, the defendant, WSNCHS NORTH INC., d/b/a ST. JOSEPH HOSPITAL, at all times hereinafter mentioned, is a corporation that has been licensed and doing business in the State of New York with a principal place of business at 4295 Hempstead Turnpike, Bethpage, New York 11714. Defendant owns, leases, and/or operates St. Joseph Hospital, a hospital located at 4295 Hempstead Turnpike, Bethpage, New York 11714.

6. Catholic Health System of Long Island, Inc., d/b/a Catholic Health Services of Long Island maintains and operates St. Joseph Hospital as one of its hospitals.

7. WSNCHS North Inc., d/b/a St. Joseph Hospital, according to its website, is a member of Catholic Health Services of Long Island.

8. Upon information and belief, the defendant, STEVEN CORSO REGISTERED RADIOLOGICAL TECHNOLOGIST (hereinafter referred to as "STEVEN CORSO RTT") is a Radiological Technologist duly licensed to practice in the State of New York.

## JURISDICTION AND VENUE

9. Jurisdiction as to all defendants is based on diversity of citizenship, 28 U.S.C. Section 1332, in that there is complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

10. Venue is properly placed in the United States District Court for the Eastern of New York pursuant to 28 U.S.C. § 1391(b)(1), (2) in that Defendants are located within, and the events complained of took place within the boundaries of the Eastern District of New York.

## STATEMENT OF THE FACTS

11. That at all times herein mentioned, the defendant, CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND, was a medical institution located at 4295 Hempstead Turnpike, Bethpage, New York 11714.

12. That at all times herein mentioned, the defendant, CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND, held itself out as a hospital qualified, equipped and staffed to treat persons with ailments and, more particularly, with the type of ailment such as suffered by the plaintiff herein.

13. That at all times herein mentioned, the defendant, CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND used and employed various radiological technologists/technicians, patient transporters, physicians, staff members, residents, interns, nurses, nurses' aides and others who were

employed, authorized, contracted, retained and/or permitted by defendant, CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND, to provide radiological, medical, hospital, and nursing care and treatment and to perform all necessary and proper functions pertaining to any radiological, medical, hospital and nursing care to all persons cared for and treated at the aforementioned facility.

14. That at all times herein mentioned, the defendant, CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND, by its agents, servants, staff members, and/or employees, for a consideration, offered to render competent and adequate hospital, radiological, medical and nursing services, care and attention to patients, including the plaintiff herein, and held themselves out to be able to furnish adequate, competent and proper hospital, medical and nursing services, treatment, care, facilities and personnel to such patients, including the plaintiff herein.

15. That commencing from on or about July 5, 2021, through and including July 7, 2021, the plaintiff CHARLES ALEXANDRO came under the care of defendant, CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND, its agents, servants and/or employees, in its professional capacity as a hospital for medical and nursing aid and attention, relative to certain signs, symptoms, conditions and complaints.

16. That at all times herein mentioned, the defendant, WSNCHS NORTH INC., d/b/a ST. JOSEPH HOSPITAL, was a medical institution located at 4295 Hempstead Turnpike, Bethpage, New York 11714.

17.     That at all times herein mentioned, the defendant, WSNCHS NORTH INC., d/b/a ST. JOSEPH HOSPITAL, held itself out as a hospital qualified, equipped and staffed to treat persons with ailments and, more particularly, with the type of ailment such as suffered by the plaintiff herein.

18.     That at all times herein mentioned, the defendant, WSNCHS NORTH INC., d/b/a ST. JOSEPH HOSPITAL used and employed various radiological technologists/technicians, patient transporters, physicians, staff members, residents, interns, nurses, nurses' aides and others who were employed, authorized, contracted, retained and/or permitted by defendant, WSNCHS NORTH INC., d/b/a ST. JOSEPH HOSPITAL, to provide radiological, medical, hospital, and nursing care and treatment and to perform all necessary and proper functions pertaining to any radiological, medical, hospital and nursing care to all persons cared for and treated at the aforementioned facility.

19.     That at all times herein mentioned, the defendant, WSNCHS NORTH INC., d/b/a ST. JOSEPH HOSPITAL, by its agents, servants, staff members, and/or employees, for a consideration, offered to render competent and adequate hospital, radiological, medical and nursing services, care and attention to patients, including the plaintiff herein, and held themselves out to be able to furnish adequate, competent and proper hospital, medical and nursing services, treatment, care, facilities and personnel to such patients, including the plaintiff herein.

20.     That commencing from on or about July 5, 2021, through and including July 7, 2021, the plaintiff CHARLES ALEXANDRO came under the care of defendant, WSNCHS NORTH INC., d/b/a ST. JOSEPH HOSPITAL, its agents, servants and/or employees, in its

professional capacity as a hospital for medical and nursing aid and attention, relative to certain signs, symptoms, conditions and complaints.

21. That at all times herein mentioned, the defendant, STEVEN CORSO RTT, was a radiological technician licensed to practice in the State of New York.

22. That at all times herein mentioned, the defendant, STEVEN CORSO RTT, was a radiological technician holding himself out to the general public as being competent in the care and treatment of patients and able to treat patients in general, and this plaintiff CHARLES ALEXANDRO in particular, in accordance with acceptable standards of radiologic technician practices.

23. That at all times herein mentioned, the defendant, STEVEN CORSO RTT, was an employee of the defendant CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND.

24. That at all times herein mentioned, the defendant, STEVEN CORSO RTT, was an agent of the defendant CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND.

25. That commencing from on or about July 5, 2021 through and including July 7, 2021, while a patient at defendant CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND, the plaintiff came under the care of defendant, STEVEN CORSO RTT, in his professional capacity as a radiologic technician.

26. The Plaintiff, CHARLES ALEXANDRO, was caused to fall and be precipitated to the ground while in the radiology department undergoing and/or preparing to undergo radiological imaging at Defendant CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND, causing him to sustain severe and

serious injuries, including but not limited a laceration and open comminuted fracture of the left fifth metatarsal, requiring a surgical washout of the open fracture of the left fifth metatarsal and primary closure and subsequent surgical intervention.

27.     That at all times herein mentioned, the defendant, STEVEN CORSO RTT, was an employee of the defendant WSNCHS NORTH INC., d/b/a ST. JOSEPH HOSPITAL.

28.     That at all times herein mentioned, the defendant, STEVEN CORSO RTT, was an agent of the defendant WSNCHS NORTH INC., d/b/a ST. JOSEPH HOSPITAL.

29.     That commencing from on or about July 5, 2021 through and including July 7, 2021, while a patient at defendant WSNCHS NORTH INC., d/b/a ST. JOSEPH HOSPITAL, the plaintiff came under the care of defendant, STEVEN CORSO RTT, in his professional capacity as a radiologic technician.

30.     That while the Plaintiff, CHARLES ALEXANDRO, the Plaintiff, CHARLES ALEXANDRO, was caused to fall and be precipitated to the ground while in the radiology department undergoing and/or preparing to undergo radiological imaging at Defendant WSNCHS NORTH INC., d/b/a ST. JOSEPH HOSPITAL, causing him to sustain severe and serious injuries, including but not limited a laceration and open comminuted fracture of the left fifth metatarsal, requiring a surgical washout of the open fracture of the left fifth metatarsal and primary closure and subsequent surgical intervention.

**AS AND FOR A FIRST CAUSE OF ACTION AS AGAINST STEVEN CORSO RTT**

31.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

32. That the medical care and treatment which was rendered by defendant STEVEN CORSO RTT, his agents, servants and/or other defendant hospital employees was rendered in an improper, negligent and careless manner, in that said defendant, their agents, servants and/or other defendant hospital employees failed, neglected and omitted to exercise, use and employ the skill, care and diligence commonly and ordinarily possessed by and required of defendant STEVEN CORSO RTT and hospitals; failed to practice good and accepted standards of professional care in the field of radiologic technology in his care and treatment of the plaintiff, CHARLES ALEXANDRO; failed to provide adequate and proper care, assistance, monitoring and treatment to the plaintiff, CHARLES ALEXANDRO; failed to properly and adequately monitor, observe and safeguard the plaintiff; failed to provide the proper care and protection to the plaintiff during his admission to CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND; failed to properly treat, care for, observe, monitor, administer to, diagnose, and test the plaintiff herein for the conditions with which he presented; failed to provide a safe environment; failed to timely and properly assess the plaintiff as a fall risk; fail to be cognizant of the fact that the plaintiff had difficulty with standing, transferring, and/or ambulating; failed to properly and adequately attend to, safeguard and protect the plaintiff; failed to provide proper precautions to prevent the plaintiff from falling; failed to maintain safety precautions; failed to keep safety guards and/or bedrails up; caused, allowed and permitted plaintiff to sustain injuries due to improper procedures and protocols maintained by the defendants; failed to implement proper precautions to prevent the plaintiff from falling; failed to hire and adequately train competent personnel; failed and neglected to possess and exercise that degree of ability, skill, technique and professional knowledge required in the care, treatment and attendance of persons presenting themselves to

said defendants for services and treatment; in addition, plaintiff claims the doctrine of res ipsa loquitur applies herein.

33. That the medical care and treatment which was rendered by defendant STEVEN CORSO RTT, his agents, servants and/or other defendant hospital employees was rendered in an improper, negligent and careless manner, in that said defendant, their agents, servants and/or other defendant hospital employees failed, neglected and omitted to exercise, use and employ the skill, care and diligence commonly and ordinarily possessed by and required of defendant STEVEN CORSO RTT and hospitals; failed to practice good and accepted standards of professional care in the field of radiologic technology in his care and treatment of the plaintiff, CHARLES ALEXANDRO; failed to provide adequate and proper care, assistance, monitoring and treatment to the plaintiff, CHARLES ALEXANDRO; failed to properly and adequately monitor, observe and safeguard the plaintiff; failed to provide the proper care and protection to the plaintiff during his admission to WSNCHS NORTH INC., d/b/a ST. JOSEPH HOSPITAL; failed to properly treat, care for, observe, monitor, administer to, diagnose, and test the plaintiff herein for the conditions with which he presented; failed to provide a safe environment; failed to timely and properly assess the plaintiff as a fall risk; fail to be cognizant of the fact that the plaintiff had difficulty with standing, transferring, and/or ambulating; failed to properly and adequately attend to, safeguard and protect the plaintiff; failed to provide proper precautions to prevent the plaintiff from falling; failed to maintain safety precautions; failed to keep safety guards and/or bedrails up; caused, allowed and permitted plaintiff to sustain injuries due to improper procedures and protocols maintained by the defendants; failed to implement proper precautions to prevent the plaintiff from falling; failed to hire and adequately train competent personnel; failed and neglected to possess and exercise that degree of ability, skill, technique and

professional knowledge required in the care, treatment and attendance of persons presenting themselves to said defendants for services and treatment; in addition, plaintiff claims the doctrine of res ipsa loquitur applies herein.

34.     That by reason of the foregoing negligence and medical malpractice, the plaintiff was rendered injured, sick, sore, lame and disabled and was compelled to be hospitalized and treated for a long and unreasonable period of time, and was compelled to undergo medical, hospital and surgical care and treatment in an effort to cure himself of his injuries and was further compelled to undergo pain and suffering.

35.     That by reason of the foregoing, Plaintiff CHALRES ALEXANDRO is entitled to recovery from defendant STEVEN CORSO RTT for all the damages which he has suffered and will continue to suffer in the sum of ONE MILLION DOLLARS ($1,000,000), together with the costs and disbursements of this action and interest.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND

36.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

37.     That the medical care and treatment which was rendered by the defendant, CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND, their agents, servants and/or employees, was rendered in an improper, negligent and careless manner, in that said defendants, their agents, servants and/or employees failed, neglected and omitted to exercise, use and employ the skill, care and diligence commonly and ordinarily possessed by and required of radiologic technologists; failed to consider alternative and/or conservative options for the treatment of the plaintiff's condition for

which he presented to the emergency room for; failed to properly treat the plaintiff for the condition with which he presented; negligently caused, permitted and allowed the plaintiff to suffer irreversible damage to the left lower extremity; that the said defendants were further careless and negligent in the premises by failing, neglecting and omitting to take, use and employ reasonable and proper steps and procedures and practices for the health, welfare and safety of the plaintiff.

38. That by reason of the foregoing negligence and medical malpractice, the plaintiff was rendered sick, sore, lame and disabled and was compelled to be treated for a long and unreasonable period of time, and was compelled to undergo additional medical care and treatment in an effort to cure himself of his injuries, and was further compelled to undergo pain and suffering.

39. That by reason foregoing, Plaintiff CHALRES ALEXANDRO is entitled to recovery from Defendant CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND for all the damages which he has suffered and will continue to suffer in the sum of ONE MILLION DOLLARS ($1,000,000), together with the costs and disbursements of this action and interest.

**AS AND FOR A THIRD CAUSE OF ACTION AS AGAINST CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND**

40. Plaintiff repeats, reiterates and realleges each and every allegation as set forth in First Cause of Action herein, with the same force and effect as though more fully set forth herein at length.

41. That defendant, CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND, had an obligation, responsibility, and duty to the plaintiff to staff their facility with competent and qualified medical and nursing personnel.

42. Upon information and belief, that said defendant failed and neglected to utilize and apply proper and acceptable standards and criteria in their hiring of radiological technologists/technicians, physicians, interns, residents, nurses and other medical personnel at all times herein mentioned; failed and neglected to evaluate and properly assess the performance of those radiologic technologists, physicians, interns, residents, nurses and other medical personnel applying for employment or professional privileges or renewal thereof; failed and neglected to monitor and supervise the qualifications and performance of its radiologic technologists, physicians, interns, residents, attendings, registered nurses and other professional staff; failed and neglected to conduct an appropriate investigation or background check into the professional history and records of radiologic technologist, physicians, interns, residents, nurses and other members of its staff from previous and/or other and prior hospitals or health care facilities with which they have previously been employed or affiliated; failed and neglected to conduct the necessary periodic reviews of the competence of their medical staff as required; failed and neglected to properly supervise and control the actions and performance of radiologic technologists, physicians and other medical and nursing personnel practicing and employed by and at its facility; failed and neglected to strictly comply with statutory credential requirements; and in generally failing to observe all necessary protocol and practices and procedures, both statutory and in common and usual use in the profession, all of which resulted in damages to the plaintiff.

43. That by reason of the foregoing, Plaintiff CHARLES ALEXANDRO is entitled to recovery from Defendant CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND for all the damages which he has suffered and will continue to suffer in the sum of ONE MILLION DOLLARS ($1,000,000), together with the costs and disbursements of this action and interest.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST WSNCHS NORTH INC., d/b/a ST. JOSEPH HOSPITAL

44. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

45. That the medical care and treatment which was rendered by the defendant, WSNCHS NORTH INC., d/b/a ST. JOSEPH HOSPITAL, their agents, servants and/or employees, was rendered in an improper, negligent and careless manner, in that said defendants, their agents, servants and/or employees failed, neglected and omitted to exercise, use and employ the skill, care and diligence commonly and ordinarily possessed by and required of radiologic technologists; failed to consider alternative and/or conservative options for the treatment of the plaintiff's condition for which he presented to the emergency room for; failed to properly treat the plaintiff for the condition with which he presented; negligently caused, permitted and allowed the plaintiff to suffer irreversible damage to the left lower extremity; that the said defendants were further careless and negligent in the premises by failing, neglecting and omitting to take, use and employ reasonable and proper steps and procedures and practices for the health, welfare and safety of the plaintiff.

46. That by reason of the foregoing negligence and medical malpractice, the plaintiff was rendered sick, sore, lame and disabled and was compelled to be treated for a long and unreasonable period of time, and was compelled to undergo additional medical care and treatment in an effort to cure himself of his injuries, and was further compelled to undergo pain and suffering.

47. That by reason foregoing, Plaintiff CHALRES ALEXANDRO is entitled to recovery from Defendant WSNCHS NORTH INC., d/b/a ST. JOSEPH HOSPITAL for all the damages which he has suffered and will continue to suffer in the sum of ONE MILLION DOLLARS ($1,000,000), together with the costs and disbursements of this action and interest.

**AS AND FOR A FIFTH CAUSE OF ACTION AS AGAINST WSNCHS NORTH INC., d/b/a ST. JOSEPH HOSPITAL**

48. Plaintiff repeats, reiterates and realleges each and every allegation as set forth in First Cause of Action herein, with the same force and effect as though more fully set forth herein at length.

49. That defendant, WSNCHS NORTH INC., d/b/a ST. JOSEPH HOSPITAL, had an obligation, responsibility, and duty to the plaintiff to staff their facility with competent and qualified medical and nursing personnel.

50. Upon information and belief, that said defendant failed and neglected to utilize and apply proper and acceptable standards and criteria in their hiring of radiological technologists/technicians, physicians, interns, residents, nurses and other medical personnel at all times herein mentioned; failed and neglected to evaluate and properly assess the performance of those radiologic technologists, physicians, interns, residents, nurses and other medical personnel applying for employment or professional privileges or renewal thereof; failed and neglected to monitor and supervise the qualifications and performance of its radiologic technologists,

physicians, interns, residents, attendings, registered nurses and other professional staff; failed and neglected to conduct an appropriate investigation or background check into the professional history and records of radiologic technologist, physicians, interns, residents, nurses and other members of its staff from previous and/or other and prior hospitals or health care facilities with which they have previously been employed or affiliated; failed and neglected to conduct the necessary periodic reviews of the competence of their medical staff as required; failed and neglected to properly supervise and control the actions and performance of radiologic technologists, physicians and other medical and nursing personnel practicing and employed by and at its facility; failed and neglected to strictly comply with statutory credential requirements; and in generally failing to observe all necessary protocol and practices and procedures, both statutory and in common and usual use in the profession, all of which resulted in damages to the plaintiff.

51. That by reason of the foregoing, Plaintiff CHARLES ALEXANDRO is entitled to recovery from Defendant WSNCHS NORTH INC., d/b/a ST. JOSEPH HOSPITAL for all the damages which he has suffered and will continue to suffer in the sum of ONE MILLION DOLLARS ($1,000,000), together with the costs and disbursements of this action and interest.

**WHEREFORE**, Plaintiff demand judgment against the Defendants, jointly and severally, for a sum of ONE MILLION DOLLARS ($1,000,000) on the First Cause of Action; for a sum of ONE MILLION DOLLARS ($1,000,000) on the Second Cause of Action; for a sum of ONE MILLION DOLLARS ($1,000,000) on the Third Cause of Action; for a sum of ONE MILLION DOLLARS ($1,000,000) on the Fourth Cause of Action; for a sum of ONE MILLION DOLLARS ($1,000,000) on the Fifth Cause of Action, together with costs and

disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

                                              Yours, etc.

                                              Law Offices of Peter D. Baron, PLLC

                                              _____
                                              PETER D. BARON, Esq.
                                              Attorneys for Plaintiff
                                              532 Broadhollow Road, Suite 114
                                              Melville, NY 11747
                                              (631) 367-7000